Thomas A. Ward
7154 Schilling Avenue No. 35
San Diego, CA 92126
Tel: (925) 323-8959
Email: thomasallanward@gmail.com

Plaintiff Self-Represented

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS WARD, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>ATTORNEY GENERAL ROB BONTA, an individual; DONNA WARD an individual; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. **'24CV0769 JAH  KSC**<br><br>**COMPLAINT FOR:**<br><br>**1. VIOLATION OF 42 U.S.C. § 1983 FOR DEPRIVATION OF CONSTITUTIONAL RIGHTS**<br><br>**2. DECLARATION OF RIGHTS UNDER 28 U.S.C § 2201**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Thomas Ward complains as follows:

### INTRODUCTION

1. Plaintiff was placed under Court Order in California family law court Case No. MSD16-03246 (hereafter "In re Marriage of (IRMO) Ward") on April 11, 2022 to pay over 100% of his salary "permanently" in spousal support. This would leave Plaintiff with no assets in a few years and subject him to being jailed for contempt for not continuing to pay. The California family law provisions FC § 4320 and related codes allowing such an order on their face, thus, violate the anti-slavery and involuntary servitude provisions of the 13th Amendment of the U.S. Constitution. Plaintiff, thus, brings this case for violation of his constitutional rights under 42 U.S.C. § 1983.

Plaintiff further requests a declaration of rights under 28 USC § 2201 (Declaratory Judgment Act) that the California family law code sections allowing such a Court Order are unconstitutional under by the 13th Amendment of the U.S. Constitution.

2. The unconstitutional law involved is FC § 4320 for spousal support and related family code provisions. The particularly relevant part of FC § 4320, FC § 4320(l) reads as follows:

> FC § 4320(l) The goal that the supported party shall be self-supporting within a reasonable period of time. Except in the case of a marriage of long duration as described in Section 4336, a "reasonable period of time" for purposes of this section generally shall be one-half the length of the marriage. However, nothing in this section is intended to limit the court's discretion to order support for a greater or lesser length of time, based on any of the other factors listed in this section, Section 4336, and the circumstances of the parties.

3. For marriages of long duration falling under FC § 4336, the family court maintains jurisdiction "indefinitely." The Judges making the order of spousal support for more than 100% of Plaintiff's income in the present case described the support as "permanent." There is no limit to the amount of spousal support that can be ordered under FC § 4320 or other statutes governing spousal support. Thus, a family law judge has the discretion to order a party to pay spousal support "permanently" or forever, and the spousal support amount can be significantly greater than the party's income. Those are the circumstances in the present case.

4. The provisions of FC § 4320 can be applied this way by a judge irrespective of leaving the ordered party with no assets and subject to jail for contempt for not continuing to pay for life when the spousal support amount is greater than all income and all his assets are depleted. The provisions of FC § 4320 and related sections, thus, constitute slavery and involuntary servitude.

5. Accordingly, FC § 4320 is unconstitutional under the anti-slavery and involuntary servitude provisions in the 13th Amendment of the United States Constitution.

6. Further, the FC § 4320 provision making spousal support "permanent" is unconstitutional even without consideration of financial limitations. For example, as in the current IRMO Ward case, spousal support could be within financial limitations, but then Plaintiff loses his job and the Court decides the job loss does not warrant changed circumstances and deny modification to the permanent spousal support, effectively making spousal support award greater than 100% of the supporting party's income and for long term marriages "permanent."

7. Further, the FC § 4336 requirement that the court maintain jurisdiction indefinitely for long term marriages creates a "permanent" spousal support and is likewise unconstitutional. For example, if the court were to set a time limit in contrast with their current policy to make all the long term spousal support permanent, the effect of FC § 4336 could still make spousal support permanent. Once the set time limit expired, with jurisdiction maintained, the previously supported spouse can return to court and request another term of spousal support. This practice could continue indefinitely effectively creating "permanent" spousal support. Accordingly, the FC § 4336 requirement that the court maintain jurisdiction indefinitely for spousal support is likewise unconstitutional.

## JURISDICTION AND VENUE

8. Jurisdiction in this case is appropriate based on federal question jurisdiction. Under Article III of the U.S. Constitution, federal courts can hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States..." US Const, Art III, Sec 2.

9. Regarding venue, the IRMO Ward case was transferred by Court Order on June 21, 2023 to San Diego, CA. Accordingly, the Federal District Court for the Southern District of California located in San Diego provides appropriate venue.

## THE PARTIES

10. Plaintiff Thomas Ward is the respondent in IRMO Ward who was placed under court order to pay more than 100% of his income as spousal support permanently. Plaintiff is a currently and at all relevant times a resident of San Diego, CA.

11. Defendant Donna Ward (Defendant Ward) is the ex-wife of Plaintiff in IRMO Ward who sought a judgment of spousal support. She received the spousal support Court Order for permanent spousal support for over 100% of Plaintiff's income and has continually taken steps to enforce the Court Order. Defendant Ward is currently a resident of the state of Virginia.

12. Defendant Rob Bonta (Defendant Bonta) who is the California Attorney General is an individual believed acting under color of the law according to the language of 42 U.S.C. § 1983. Notice was filed in the family law case on January 5, 2023 and a copy served on Defendant Bonta by Plaintiff under FRCP Rule 5.1, which implements 28 U.S.C. § 2403, informing Defendant Bonta of the unconstitutional family law provisions in the pending family law proceedings. To date, Defendant Bonta has taken no steps to intervene in the family law case or otherwise prevent Plaintiff's constitutional rights from being violated.

## FACTS

13. Family law proceedings for spousal support in IRMO Ward resulted in a first trial held in December of 2018. The Court ordered spousal support under FC § 4320 with payments of $5000 per month at that time which was approximately 30% of Plaintiff's income with no limit specified by the Judge for the duration of payments. The Judge's Order maintained jurisdiction indefinitely under FC § 4336 because the marriage was over ten years in duration, and the Judge did not set a termination date for spousal support.

14. In August of 2020 Plaintiff lost his job and filed a motion/RFO in IRMO Ward requesting suspension of spousal support until he found a new job. A trial for the motion was held that lasted until April of 2022. The Judge's order of April 11, 2022, gave Plaintiff a 20-month suspension of spousal support until April of 2022, but set spousal support at $5000 per month afterward as "permanent" spousal support even though Plaintiff did not yet have a job. The Judge did not set a termination date for spousal support and referred to the spousal support as "permanent."

15. Plaintiff appealed the judgement with a notice of appeal filed June 9, 2022, with the appealed case having Appeal No. 165,402, the record on appeal has not been transferred to the Appeals court as of the date of this complaint meaning the Appeal briefing process has not yet begun.

16. No Judge involved in IRMO Ward ever set a termination date for spousal support. Plaintiff is not aware of any case of long-term marriage where a judge has set a termination date for spousal support. Upon information and belief, it is the practice of all judges in family court in California to reference spousal support in a long-term marriage as "permanent" and not set a termination date in any spousal support matter prior to an order of termination.

17. Since the time of IRMO Ward Order in April 2022 obligating Plaintiff to pay $5000 per month in spousal support, Plaintiff's total monthly employment income during that time for the months when Plaintiff has been employed has been only approximately $5000 per month.

18. Since the April 11, 2022, Order, Defendant Donna Ward has placed liens on Plaintiff's house and filed discovery requests as judgement creditor. Defendant Donna Ward has also used writs of execution to remove money from Plaintiff's bank accounts.

19. In the hearing for a motion to compel for the discovery request of assets and income as a judgment creditor in IRMO Ward on August 30, 2023, Plaintiff made the argument that the judgement of spousal support for more than Plaintiff's income that was permanent was unconstitutional under both the U.S. and California constitution provisions prohibiting slavery and involuntary servitude rendering any discovery based on the judgment unenforceable. The Judge ignored Plaintiff's argument without comment and ordered further discovery.

20. On January 5, 2024, Plaintiff filed a notice under Federal Rule of Civil Procedure (FRCP) Rule 5.1, which implements on 28 U.S.C. § 2403, in the IRMO Ward case which was served on Defendant Bonta that notified Defendant Bonta of Plaintiff's notice of constitutional challenge of the state statute that Plaintiff planned to make in the Appeal No. 165,402. To date Defendant Bonta did not intervene or take any other action in response to the notice.

21. Plaintiff has suffered emotional distress and continues to suffer emotional distress due to oppressive consequences of imposition of the unconstitutional family law provisions, including but not limited to financial losses, imposition of liens on his property, execution of writs to remove money from bank accounts and threats by Plaintiff and Judges to hold Plaintiff in contempt when he is unable to pay the judgment. The emotional distress effects include, but are not limited to, sleep disorders, nightmares, panic attacks and anxiety.

22. Gray divorces, which include IRMO Ward, with unconstitutional family law provisions take a hard toll on the elderly. It is more difficult if not impossible to recover from loss of assets and substantial income with advancing age. Plaintiff's age, thus, exacerbates the oppression he is placed under by the unconstitutional family law provision.

**FIRST CAUSE OF ACTION**
**Violation of 42 U.S.C. § 1983 for Deprivation of Constitutional Rights**
**(Against Defendant Bonta)**

23. Plaintiff incorporates by reference each and every allegation in the foregoing paragraphs of this Complaint.

24. Defendant Bonta at all times relevant to this action was acting under color of state law.

25. Plaintiff was Ordered under FC § 4320 and supporting laws to pay more than 100% of his income permanently to Defendant Ward as spousal support which would render him without assets within a few years and subject him to imprisonment for contempt when he is unable to pay. Such provisions of FC § 4320 and supporting laws are unconstitutional as applied to Plaintiff under the provisions of the 13th amendment of the US Constitution that prevent slavery and involuntary servitude.

26. Defendant Bonta was made aware of constitutional rights violation under the reporting requirements of FRCP 5.1. The State Attorney General under statute is given 60 days to intervene in the case and can take action at any point to prevent enforcement of unconstitutional laws. Upon information and belief, Defendant Bonta did nothing in response to receiving notice.

27. Defendant Bonta, thus, subjected Plaintiff to unlawful slavery and involuntary servitude in violation of the Thirteenth Amendment to the Constitution of the United States.

28. Defendant Bonta's inaction was the direct and proximate cause of the constitutional deprivation suffered by Plaintiff.

29. Defendant Bonta's inaction subjected Plaintiff to both compensatory and non-compensatory damages. The compensatory or general damages include spousal support payments as well as attorney's fees and costs in IRMO Ward relating to spousal support. The non-

compensatory or special damages include emotional distress in the form of sleep disorder and anxiety. As a result of Defendants' conduct, Plaintiff suffered and continues to suffer general and special damages according to proof.

30. Defendant Bonta's inaction was oppressive and subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights justifying the awarding of exemplary and punitive damages.

## SECOND CAUSE OF ACTION
### Declaration of Rights Under 28 U.S.C. § 2201 (Declaratory Judgment Act)
### (Against All Defendants)

31. Plaintiff incorporates by reference each and every allegation in the foregoing paragraphs of this Complaint.

32. Plaintiff was ordered under FC § 4320 and supporting laws to pay more than 100% of his income permanently to Defendant Ward as spousal support which would render him without assets within a few years and subject him to imprisonment for contempt when he is unable to pay. Such provisions of FC § 4320 and supporting laws are unconstitutional as applied to Plaintiff under the provisions of the 13th amendment of the US Constitution that prevent slavery and involuntary servitude.

33. Accordingly, Plaintiff desires a judicial declaration that FC § 4320 and supporting laws violate Plaintiff's constitutional rights.

## PRAYER

Wherein Plaintiffs pray for judgment as follows:

Regarding the first cause of action:

1. Compensatory damages and restitution in an amount to be determined at trial, plus interest accruing.

2. Non-compensatory damages.

3. Punitive damages according to proof.

4. Attorney fees, statutory costs, and expenses.

5. For such other and further relief as the Court may deem just and proper.

Regarding the second cause of action:

1. For a declaration that FC § 4320 and related provisions that make spousal support permanent for an unlimited amount of the supporting party's income is unconstitutional.

2. For a declaration that FC § 4320 provisions allowing spousal support to be made permanent are unconstitutional.

3. For a declaration that FC § 4336 provisions maintaining jurisdiction indefinitely for long term marriages in spousal support matters is unconstitutional.

4. For a further or alternative declaration with wording the court deems appropriate to declare provisions of the California family code authorizing spousal support that subjects the supporting party to slavery or involuntary servitude are unconstitutional.

5. For an award of Plaintiff's attorneys' fees and costs pursuant to law.

6. For such other relief as is just and equitable herein.

DATED this 30th day of April 2024,

*Thomas Ward*
Thomas Ward, Plaintiff